IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN WHITEOAK,                )
                              )
            Petitioner,       )     C.A. No. 09-117 Erie
                              )
      v.                      )
                              )     Magistrate Judge Baxter
FRANCISCO QUINTANA,           )
                              )
            Respondent.       )

## OPINION AND ORDER[1]

**I.    Introduction**

Petitioner Ryan Whiteoak is a federal prisoner who is presently incarcerated at the Federal Correctional Institution ("FCI") in Loretto, Pennsylvania.  Prior to his recent transfer to FCI Loretto, Petitioner was incarcerated at FCI McKean.  During his incarceration there, he was a participant in one of it Residential Drug Abuse Program ("RDAP") classes (also called a cohort).[2] On April 4, 2009, an officer conducted a random search of Petitioner's cell and found packets of matches.  The next day, Incident Report No. 1853181 was lodged against him, charging him with Possession of Any Property Unauthorized, in violation of Offense Code 305.  (See *Incident Report*

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.  This case originally had been assigned to a United States District Court Judge and had been referred to the undersigned.  On August 21, 2009, a Report and Recommendation was issued recommending that the petition be denied.  [Docket No. 15].  Petitioner was given until September 8, 2009, to file objections.  However, three days after the issuance of the Report and Recommendation, Respondent filed a *Consent To Jurisdiction By United States Magistrate Judge* [Docket No. 16].  Thereafter, the Report and Recommendation was vacated thereby obviating the requirement that objections be filed.

[2]  So that the BOP may provide to inmates an incentive to participate in substance abuse treatment while in its custody, Congress vested the BOP  with the authority to reduce the sentences of certain inmates who successfully complete the RDAP.  This authority is set forth in 18 U.S.C. § 3621(e)(2)(B), which provides: "**Period of Custody**. . . The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

1

*No. 1853181*, Ex.³ 10).  The Unit Disciplinary Committee ("UDC") subsequently found that Petitioner had committed the misconduct.  As a consequence, Petitioner was removed from his RDAP cohort and placed in another one with a later graduation date.

On or around May 21, 2009, Petitioner filed with this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Docket No. 1].  He claims that the disciplinary proceedings relating to Incident Report No. 1853181 violated his due process rights.  He also claims that the formal Drug Abuse Treatment ("DAT") warning that was issued as a result of the misconduct was unlawful.⁴  As relief, Petitioner seeks an order from this Court directing that Incident Report No. 1853181 be expunged so that he can maintain his status in his original RDAP and be permitted to graduate from the program as soon as possible.  He also seeks an order from this Court terminating his supervised release.

### A. Relevant Background

On June 16, 2006, the United States District Court for the Eastern District of Pennsylvania sentenced Petitioner to a 60 month term of imprisonment, to be followed by a 4 year term of supervised release, for his conviction of "Possession with Intent to Distribute more than 100 kilograms of Marijuana," in violation of 18 U.S.C. § 841(a)(1).  His projected release date is January 4, 2011.

In December 2007, Petitioner was found eligible to participate in the RDAP and for early release consideration upon completion of that program.  (Declaration of Kent Cannon, DAT Coordinator, ¶ 4, attached to *Response* [Docket No. 12]).  Petitioner signed an agreement in which he acknowledged that he was informed that immediate expulsion from the RDAP ordinarily would result if the participant pursuant to an incident report is found by a Disciplinary Hearing Officer

---

³ All exhibit citations are to those documents attached to the *Response* [Docket No. 12].

⁴ A challenge to a federal sentence as imposed must be made under 28 U.S.C. § 2255.  A claim concerning execution of a federal sentence by the Bureau of Prisons is properly brought under 28 U.S.C. § 2241.  Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988); Gomori v. Arnold, 533 F.2d 871 (3d Cir. 1976).  "Execution of a sentence" includes matters such as the computation of a prisoner's sentence by the BOP, prison disciplinary actions, prison transfers, and type of detention.  Petitioner's challenge to the disciplinary proceedings related to Incident Report No. 1853181 is properly brought under 28 U.S.C. § 2241.

("DHO") to have committed a 100 series prohibited act; or, committed a prohibited act involving alcohol or drugs after completing the unit based segment of the program.  Petitioner also acknowledged that he was informed that he could be expelled from the RDAP "[w]hen I incur an incident report because I have failed to follow rules and regulations[.]"  (See *Agreement to Participate in RDAP*, Ex. 2).

On August 27, 2008, Petitioner began the RDAP.  He was placed in a cohort with DAT Specialist Lori Carlson and was scheduled to graduate from the RDAP on June 3, 2009.  (Cannon Decl. ¶ 6).

On April 4, 2009, Senior Officer Jensen conducted a random search of cell F04-111, where Petitioner was assigned.  During the search, the officer found a plastic bag with approximately 20 packets of matches located inside a laundry bag.  Incident Report No. 1853181 was issued and Petitioner was charged with Possession of Any Property Unauthorized, in violation of Offense Code 305.  The UDC subsequently found that Petitioner committed the violation and recommended that he be sanctioned with 60 days loss of commissary and 20 hours extra work duty. (*Incident Report No. 1853181*, Ex. 10).

Ms. Carlson and other RDAP staff considered the matches found in Petitioner's cell to be drug paraphernalia and Petitioner was going to be expelled from the RDAP.  He was not expelled, however, because the Regional RDAP Coordinator advised FCI McKean that there was not sufficient basis for expulsion.  (*4/15/09 Memo*, Ex. 6).  Instead, a decision was made to place Petitioner in another cohort with a graduation date scheduled for February 3, 2010.  (See Cannon Decl. ¶ 7).  Petitioner also received a formal warning because he was found to have committed the misconduct at issue in Incident Report No. 1853181.  Because it was Petitioner's third such warning,[5] he was placed on probationary status and informed that if he received another warning or incident report, he would be expelled from the RDAP.  (*RDAP Formal Warning*, Ex. 7).

On or around May 21, 2009, Petitioner filed with this Court a petition for writ of habeas

---

[5] On January 7, 2009, Petitioner had received a warning for not completing his homework assignment.  On January 30, 2009, he had received another warning for being late for a meeting.  (See Exs. 4 & 5).

3

pursuant to 28 U.S.C. § 2241.  He challenges the disciplinary proceedings related to Incident Report No. 1853181.  Petitioner claims that his due process rights were violated because the Incident Report contained misrepresentations and because he was not permitted to call witnesses at his UDC hearing.  He also claims that the resulting formal warning was unlawful.  As relief, he asks this Court to order that Incident Report No. 1853181 be expunged; that he be allowed to maintain his status in the RDAP and graduate as soon as possible; and, that his supervised release be terminated.

Petitioner filed a motion for preliminary injunction a few days after he filed his habeas petition.  On June 11, 2009, the Court held a telephonic hearing during which Respondent's counsel explained that on or around May 26, 2009, the DAT Coordinator had moved Petitioner to another cohort so that he only had to repeat the last phase of FCI McKean's RDAP component.  As a result, Petitioner's projected RDAP graduation was moved up to August 24, 2009.  In light of the new information, Petitioner's motion for injunction was denied as moot.

On August 3, 2009, Respondent submitted the *Response To Petition For Writ Of Habeas Corpus And/Or Notice of Suggestion of Mootness*.  [Docket No. 12].  Respondent explains therein that after the hearing on the preliminary injunction, Petitioner committed another and more serious misconduct and has been expelled from the RDAP altogether.  Specifically, Respondent explains that on June 16, 2009, at approximately 11:40 p.m., FCI McKean was notified by local law enforcement that there was a suspicious looking vehicle in front of the institution.  A Correctional Officer was sent to search the area, and he found two large garbage bags filled with the following contraband:  21 cartons of cigarettes, 12 cans of Skoal, 1 cell phone with charger, 1 jar of protein powder, 24 bars of soap, 2 containers of wipes, 2 cheese cakes, 7 sandwiches, 4 spices, 2 olive oil, 2 packs of garlic, 4 steaks, 2 coat hooks, 1 cooler, 2 bottles of water, 2 freezer packs, and a note addressed to "Dan."  In addition, there was an air freight label on the envelope in which the cell phone and charger were found.  (See *DHO Report for Incident Report No. 1883238*, Ex. 11).

After discovering the contraband, the officer remained in the area to see who would come to collect it.  On June 17, 2009, at approximately 1:10 a.m., when inmates were supposed to be securely in their cells asleep, the officer observed two inmates walking along a fence line towards

the area where the contraband was found.  He turned the flashlight on the two inmates, ordered them to the ground, and they complied.  One of the two inmates was Petitioner.  The other was an inmate with the first name of Daniel.  The name on the address label found with the contraband was on Daniel's list of contacts.  Petitioner and the other inmate were placed in the Special Housing Unit.  While they were being processed, staff overheard the other inmate state that he would take the fall for the contraband.  Petitioner responded that they were not caught with anything so staff had nothing on them.  (See *DHO Report for Incident Report No. 1881817*, Ex. 12).

Petitioner received incident reports for attempted possession of a hazardous contraband (cell phone) in violation of Offense Code 108A, and for being in an unauthorized area in violation of Offense Code 316.  On July 15, 2009, the DHO hearing was conducted for Petitioner on both incident reports.  Petitioner denied any knowledge of the cell phone, and claimed that he and the other inmate were trying to meet some women.  He admitted to being in the unauthorized area at 1:10 a.m.  The DHO found that Petitioner had committed both prohibited acts.  (See Exs. 11 & 12).  The DHO sanctioned Petitioner to a disallowance of 40 days good conduct time, 30 days in disciplinary segregation, 1 year visiting restriction, and a disciplinary transfer for violating Offense Code 108A (Ex. 11 at 3), and disallowance of 13 days good conduct time and a disciplinary transfer for violating Offense Code 316 (Ex. 12 at 3).

On July 22, 2009, Petitioner was expelled from the RDAP because he had been found guilty of having committed a 100 series offense (the violation of Offense Code 108A).  (*RDAP Expulsion Notice*, Ex. 9).

**B.**     **Discussion**

      **1.**     **Petitioner's Request For Habeas Relief Is Moot Because Of His Subsequent Expulsion From The RDAP For An Unrelated Offense Code Violation**

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution.  See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a*

*favorable judicial decision*."  Burkey, 556 F.3d at 147 (emphasis added) (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) and Allen v. Wright, 468 U.S. 737, 750-751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)).

"This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id.  Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot.  Id.; Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1496-97 (3d Cir. 1996); In re Overland Park Fin. Corp., 236 F.3d 1246, 1254 (10th Cir. 2001) (quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992) for the proposition that a case is moot when it is "impossible for the court to grant 'any effectual relief whatever' to a prevailing party.").

Applying the above precepts to this case, the petition is moot.  Petitioner claims that the disciplinary proceedings relating to Incident Report No. 1853181 and the resulting formal warning that he received were unlawful and violative of his due process rights.  As relief, he seeks an order from this Court directing that the Incident Report be expunged so that his RDAP participation is not affected adversely.  His claims are moot because this Court can no longer grant him the relief that he seeks since he recently committed a 100 series violation and as a consequence was expelled from the RDAP on June 22, 2009.  Importantly, the commission of a 100 series violation warrants expulsion from the RDAP.  (See *RDAP Expulsion Notice*, Ex. 9; *Agreement to Participate in RDAP*, Ex. 2).  Therefore, even if this Court were to hold that Incident Report No. 1853181 and his formal warning should be expunged, Petitioner's expulsion from the RDAP on June 22, 2009, would not be affected because that expulsion was not related to, or dependant upon, the disciplinary proceeding at issue in this case. See Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy,

even if we were disposed to do so.").[6]

### 2. Petitioner's Request That This Court Terminate His Supervised Release Must Be Denied

Petitioner also seeks an order from this Court terminating his supervised release. Only the sentencing court (here, the District Court for the Eastern District of Pennsylvania) has the authority to modify the term of supervised release, and therefore this request for relief must be denied. 18 U.S.C. § 3583(e); see also Burkey, 556 F.3d at 145-46 n.3 (citing Gozlon-Peretz v. United States, 498 U.S. 395, 400-01 (1991) (under the Sentencing Reform Act, the sentencing court oversees "post[-]confinement monitoring" and may "terminate, extend, or alter the conditions of the term of supervised release prior to its expiration" pursuant to § 3583(e)); United States v. Lussier, 104 F.3d 32, 34-35 (2d Cir. 1997) (under § 3583(e), the sentencing court retains authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of supervised release term)).

### 3. Petitioner's *Motion In Limine*

After the *Response* was filed, Petitioner filed a motion in limine [Docket No. 14] seeking to have the Court disregard consideration of "any evidence or circumstances" regarding matters that occurred after the filing of the habeas petition. For obvious reasons, he does not want the Court to consider the events of June 17, 2009. There is no merit whatsoever to Petitioner's motion. The events that have occurred subsequent to the filing of his petition for writ of habeas corpus are relevant to the resolution of the petition and there is no basis to exclude consideration of those events.

---

[6] If this proceeding was not moot, it would be subject to dismissal because Petitioner has failed to exhaust his administrative remedies. See United States v. Wilson, 503 U.S. 329, 334-35 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996). The BOP codified its Administrative Remedy Program in 28 C.F.R. Part 542, which provides the procedures and guidelines for federal prisoners seeking administrative review of any aspect of their confinement. See 28 C.F.R. §§ 542.13-15. The final phase of the administrative process is a national appeal with the Office of General Counsel. Respondent has set forth in detail Petitioner's various administrative challenges. (*Response* [Docket No. 12] at 10-12, 15-17; see also Declaration of Vanessa Herbin-Smith, attached to *Response*; and, Supplemental Declaration of Vanessa Herbin-Smith, attached to *Respondent's Opposition To Petitioner's Motion In Limine* [Docket No. 18]). Respondent has established that although Petitioner has completed some phases of his administrative challenges to Incident Report No. 1853181 and the adverse effect that disciplinary proceeding had on his RDAP participation, he has not pursued the necessary appeals to the Office of General Counsel.

### C.  Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement.  <u>United States v. Cepero</u>, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### III.  CONCLUSION

For the foregoing reasons, this Court will dismiss the petition for writ of habeas corpus as moot.  An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN WHITEOAK,** ) | |
| ) | |
| Petitioner, ) | C.A. No. 09-117 Erie |
| ) | |
| v. ) | |
| ) | |
| **FRANCISCO QUINTANA,** ) | Magistrate Judge Baxter |
| ) | |
| Respondent. ) | |

## ORDER

AND NOW, this 2nd day of December, 2009;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is dismissed as moot. The Clerk of Courts is hereby directed to close this case.

IT IS FURTHER ORDERED that Petitioner's *Motion In Limine* [Docket No. 14], is denied.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge